IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GERHARD KUHLIN                                                                           PLAINTIFF

vs.                                            Civil No. 6:13-cv-06042

CAROLYN W. COLVIN                                                                     DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Gerhard Kuhlin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

1.     **Background:**

Plaintiff filed his disability application on April 12, 2011. (Tr. 10, 107-112). Plaintiff alleges being disabled due to breathing problems, allergies, and right arm problems. (Tr. 138). This application was denied initially and again upon reconsideration. (Tr. 41-42).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 55-65). Plaintiff's administrative hearing was held on June 5, 2012 in Little Rock, Arkansas. (Tr. 23-40). At this hearing, Plaintiff was present and was represented by

counsel, Charles Padgham. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") Dianne Smith testified. *Id.* Plaintiff testified he was fifty-six (56) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 416.963(e) (2008). (Tr. 27). Plaintiff also testified he had graduated from high school as a special education student. *Id.*

On July 17, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 7-18). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 12, 2011, his application date. (Tr. 12, Finding 1). The ALJ determined Plaintiff had the following severe impairment: chronic obstructive pulmonary disorder ("COPD"). (Tr. 12, Finding 2). Despite being severe, the ALJ determined that impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-16, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) with the following limitations: he must avoid fumes, odors, dusts, gases, and poor ventilation in the workplace.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 16, Finding 5). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 16-17, Finding 9). In making this determination, the ALJ relied upon the testimony of the VE. *Id.*

Specifically, based upon that testimony and considering all of Plaintiff's limitations, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as Machine Feeder (unskilled, medium) with approximately 26,000 jobs in Arkansas and 550,000 jobs in the national economy; Hospital Dietary Aide (unskilled, medium) with approximately 10,000 jobs in Arkansas and 350,000 jobs in the national economy; and Hand Packager (unskilled, medium) with approximately 29,000 jobs in Texas[1] and 650,000 jobs in the national economy. (Tr. 16-17, Finding 9). Based these findings, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 12, 2011 (application date) through July 17, 2012 (decision date). (Tr. 17, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. On March 28, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-3). On April 24, 2013, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

---

[1] It appears the ALJ erred in stating "Texas." In the transcript in this matter, the VE testified the region was Arkansas, not Texas. (Tr. 38). The ALJ relied upon the VE's testimony in making his Step Five determination. Thus, the Court presumes the ALJ meant to use the word "Arkansas," not "Texas." However, even if the ALJ did intend to state the applicable region was "Texas," this was likely harmless error. *See* 20 C.F.R. § 416.966(a) (2010) (recognizing the standard is whether work exists in "the national economy").

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises two claims for reversal: (A) the ALJ erred in evaluating his RFC; and (B) the ALJ erred in evaluating his subjective complaints of disability and other limitations. ECF No. 8 at 3-10. In her appeal brief, Defendant responded to Plaintiff's arguments. ECF No. 9. In this response, Defendant claims substantial evidence supports the ALJ's RFC determination, and the ALJ properly considered Plaintiff's subjective complaints. ECF No. 9. The Court will consider both of these arguments.

**A.    RFC Determination**

Plaintiff claims the ALJ erred in his RFC determination. ECF No. 8 at 3-8. In making this argument, Plaintiff raises a number of discrete issues. To address some factual misstatements in Plaintiff's briefing and for the sake of clarity, the Court will address each of these arguments separately.

First, under this argument header, Plaintiff claims the ALJ improperly found he retained the RFC to perform other work existing in significant numbers in the national economy. ECF No. 8 at 3. Plaintiff makes several factual claims as a part of this argument. Specifically, Plaintiff claims the ALJ did not provide "information as to what position" he could perform in light of his RFC. ECF

No. 8 at 3. He also claims the VE testified at the hearing that "given Mr. Kuhlins restrictions and limitations," there "would be no work available that he could perform in the national economy." *Id.*

These claims are without merit. Contrary to Plaintiff's argument that the ALJ did not identify any jobs he could perform, the ALJ detailed in his opinion *three positions* Plaintiff could perform even with his limitations. (Tr. 16-17, Finding 9). These occupations are classified as medium, unskilled: (1) machine feeder, (2) hospital dietary aide, and (3) hand packager. *Id.*

Further, the VE did not testify "given Mr. Kuhlins restrictions and limitations" there "would be no work available." (Tr. 37-38). In his testimony during the administrative hearing in this matter, VE specifically identified the three jobs identified above that Plaintiff retained the RFC to perform. *Id.* The following is that testimony:

> EXAMINATION BY ADMINISTRATIVE LAW JUDGE:
>
> Q:  Ms. Smith [the V.E.], I'd like you to evaluate a hypothetical work model that I want to outline for you. In this 1st model I want you to please assume again an individual the same age, education, and work experience as what we have in Mr. Kuhlin's case. I want you to assume that person capable of performing medium exertional work as it's defined in the *Dictionary of Occupational Titles*. In addition to that I'd like you to consider work that does not expose, that does not have concentrated exposure to fumes, odors, and gasses for the worker. With those limitations in place, Ms. Smith, in your estimation, are there jobs regionally and nationally that would accommodate this limits and if so could you give us examples, please?
>
> A:  Yes, sir. [INAUDIBLE] Any of your machine feeders. This is a line job. 699.686-010. SVP is 2. Over 2,600 in the region and over 550,000 national. Any of your dietary aids in your hospital settings. 319.677-010. SVP is 2. Over 10,000 in the region and over 350,000 nationally. Any of your hand packagers. Another line job. 920-587-018, SVP is 2. Over 29,000 in the region and over 650,000 nationally.

*Id.* Based upon this testimony, the VE clearly stated specific jobs Plaintiff could perform with his limitations.

Second, Plaintiff attacks the ALJ's RFC determination and claims the ALJ erred in assessing

6

his RFC. ECF No. 8 at 8. Plaintiff vaguely alleges the following: "In this case, the Administrative Law Judge's decision appears to have been given diminished weight to the Plaintiff's treating physicians[,] the statements made by the claimant, the claimant's medical records, the reports made by his treating physicians, and the testimony of the Plaintiff relating to the frequency, duration and intensity of the pain he experiences, the combination of residual effects of his medical condition, all combined with the Plaintiff's age, and the combined effect of impairments on his daily activities, have resulted in Plaintiff's inability to maintain employment for twelve months." *Id.*

In making this argument, however, Plaintiff does not provide *what limitations* he claims the ALJ did not properly consider. Indeed, in the present action, Plaintiff claims to be disabled primarily because of his COPD. (Tr. 138). The ALJ fully considered Plaintiff's COPD and incorporated his COPD in assessing his RFC, finding Plaintiff "must avoid fumes, odors, dusts, gases and poor ventilation in the workplace." (Tr. 13). Thus, the Court cannot find a basis for reversal on this issue.

### B. Subjective Complaints

Plaintiff claims the ALJ did not properly consider his subjective complaints of disabling limitations. ECF No. 8 at 8-9. In making this argument, Plaintiff again does not provide any credible support for his argument. *Id.* Indeed, Plaintiff primarily claims "the Administrative Law Judge failed to include the diagnoses [of COPD, acute bronchitis, and asthma] in his decision." *Id.* Again, this is entirely untrue. As stated above, the ALJ specifically included COPD in his RFC assessment. (Tr. 13). Thus, the Court cannot find any merit in this argument. For Plaintiff's benefit, however, the Court will provide an overview of *Polaski* to determine whether the ALJ properly considered his subjective complaints.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. Notably, the ALJ referenced the *Polaski* factors and stated several inconsistencies between his claims and the evidence in the record: (1) despite his claim of disability, "the record reveals relatively infrequent trips to the doctor" and an inconsistent treatment record; (2) despite his claim of disability, his medication "appears to have adequately controlled his symptoms"; (3) despite his claim that he is unable to work, "claimant was delivering appliances 3 days a week"; and (4) despite his claim of disability, Plaintiff could prepare meals, mow the lawn, do "other outside work," and live alone. (Tr. 15). Based upon these findings, there is no basis for reversal on this issue. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (stating that if the ALJ explicitly discredits a claimant and gives good reasons for doing so, the appellate court will normally defer to the ALJ's determination).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 1st day of May 2014.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE